IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2023 JAN 12 PM 2:25

| | |
|---|---|
| CAMERON NELSON, | Civil Action No. |
| Plaintiff, | |
| v. | |
| ALEJANDRO MAYORKAS, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, | Jury Trial Demand |
| Defendants. | |

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff files this Complaint for Damages and Equitable Relief, and shows the Court as follows:

### I. Preliminary Statement

1. This action seeks actual damages, declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees for the disability discrimination suffered by Plaintiff Cameron Nelson in his treatment by Defendant.

### II. Jurisdiction

2. This action is brought for discrimination and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their protected activities.

3.

4. The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

5. Plaintiff made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in this action on or about December 6, 2021, and Plaintiff subsequently timely filed a formal complaint of discrimination on or about January 18, 2022. See Formal Complaint attached.

6. Plaintiff has exhausted his administrative remedies and this suit is properly before the Court.

### III. Venue

7. This action properly lies in the United States District Court for the District of Colorado, pursuant to 29 U.S.C. § 1391(b).

### IV. Parties

8. Plaintiff was a full-time employee with the Federal Emergency Management Agency ("FEMA") in Washington, D.C., at all relevant times. During all relevant periods to this claim, Plaintiff worked as an Environmental Floodplain Specialist. Plaintiff is a resident of Denver, Colorado, and is a citizen of the United States.

9. The Department of Homeland Security, Defendant, is a federal government agency and has offices throughout the United States including in Colorado. The Defendant is an employer, engages in an industry affecting commerce, and,

upon information and belief, employs more than 500 regular employees.

## V. Facts

10. Cameron Nelson was qualified for his position.

11. Mr. Nelson attended Savannah State University where he obtained a Bachelor of Arts in Homeland Security and Emergency Management. After his education at Savannah State, Mr. Nelson attended the University of Texas where he received his Master of Public Administration and a Certificate in Budgeting and Financial Management.

12. He was also privy to expertise and materials regarding specific practices that lead to effective prevention, protection, mitigation, preparedness, response and recovery. By way of experience, he worked as an Emergency Management Specialist with the Environmental Historic Preservation Division; EHP Environmental Floodplain Specialist; CRC Peer Review Specialist with the Mitigation Division/Floodplain Management & Insurance; with the Hazard Mitigation Floodplain Management & Insurance Division; and as a Hazard Mitigation Community Education and Outreach Specialist.

13. He has also received various certification, monetary awards, and recognitions including: Certified Floodplain Administrator (CFM); Qualified in FQS and DTS as a Hazard Mitigation Floodplain Management and Insurance (FM&I) Specialist; Qualified in FQS and DTS as a Hazard Mitigation Community Education and Outreach (CEO) Specialist; FQS Coach Evaluator. In addition to his many achievements, Mr. Nelson participated in the 2017 New Orleans Hurricane Conference where he met with over 500+ emergency management

and first responder personnel on Universal Building Codes and Mitigation Construction techniques; he assisted in the creation of the Louisiana Watershed Resiliency Study which was used by the state of Louisiana to better understand waterway and how it relates to critical facilities and infrastructure; created over 10,000+ Flood Insurance Rate Maps (FIRMs) for Individual Assistance and Public Assistance; and participated as the Mitigation/FMI Lead on the Housing Task Force (HTF) for the 2016-2017 Individual Assistance (IA) Direct Housing mission for DR- 4277.

14. On or around October 22, 2021, Plaintiff was issued a Notice of Termination of Appointment by management.

15. Plaintiff was told that his termination was due to him recording Microsoft Teams meetings without others' consent.

16. The recording were protected activity for his EEO complaint.

17. Regarding the January 15th recording, Mr. Nelson was in a performance review meeting and Chad Ryerson told him that he was going to terminate him. Nelson asked why he was going to be terminated within sixty days when he had no performance issues as confirmed by his field supervisor, Rollin Reinhart. Nelson went into the meeting to discuss his performance and did not know that the meeting would be about terminating him.

18. With the statement(s) made by Ryerson, Nelson wanted to ensure some protection since he did not get the opportunity to invite some form of representation to the meeting.

19. Nelson did not share this recording with anyone but the EEO counselor

regarding to the complaint filed in 2020.

20. In March, the recording was based on Nelson's personal development plan. Before the meeting, Nelson showed Ryerson that he was uncomfortable being around him in a meeting. Ryerson did not try to obtain a third party in the meeting with Nelson. In September, Nelson spoke to the EEO counselor Kenneth Edwards who confirmed that GA was a one person consent state and there was no federal policy in place regarding recording. No one in leadership contacted Nelson about the recordings or gave him any form of warning even though they knew of the recording in January.

21. All three recordings were done because the Agency failed to provide documentations to show why Nelson was being disciplined. The recordings were for his EEOC complaint and a potential whistleblower complaint based on the management officials abuse of authority, hostile work environment and improper personnel practices.

22. Moreover, Nelson made it clear in all three meetings that he was uncomfortable meeting with Ryerson because of the way he has been singled out by management officials including Ryerson.

23. Plaintiff was not aware of any policy that prohibited the recording of these conversations, nor was he previously instructed not to do so.

24. In fact, Nelson was told by management there was no policy on recordings.

25. There is no legitimate basis to terminate on as to recordings.

26. As to a charge regarding use of a card, Nelson was checking out on apple pay on his iPhone and accidentally used the wrong card when purchasing airline tickets.

27. On July 16, 2021, when the investigator made Nelson aware that he used the wrong card he corrected the issues and made the payment in full.

28. The Agency terminate Nelson for $565.60 that was paid in full as soon as he found out that the error occurred.

29. Nelson was deployed until on or around September 29, 2020 and was allowed to use the card while he was deployed.

30. It is not surprising that this error could have been made. He has been using his travel card for six years and has never had any issues with his travel card.

31. The timing of this charge is extremely suspicious.

32. This happened months ago, yet, pretextually, the Agency waited to charge him after his engagement in protected EEO activities and on his last day with the Agency when management officials knew of him starting his new position the next working day.

33. Plaintiff was issued the Notice on his last day in his position as an Environmental Floodplain Specialist.

34. Plaintiff was going to be transitioned into his new position as an Emergency Management Specialist (Mitigation) on October 24, 2021 in Denver, Colorado.

35. Plaintiff's job offer for the new position was withdrawn as a result of the issuance of the Notice.

36. Elizabeth Ridgeway (Proposing Official) and Don Balius (Deciding Official), as were both aware of Mr. Nelson's pending Equal Employment Opportunity ("EEO") complaints filed in close proximity to this action -- that identifies both Ridgeway and Balius as Responsible Management Official/Alleged

Discriminating Official ("RMO/ADO").

VI.  **Count I: Violation of Title VII of the Civil Rights Act of 1964 based on race**

37. Plaintiff incorporates by reference paragraphs 1-35 of his complaint as if fully set forth herein.

38. Plaintiff is African-American.

39. All management officials who allegedly subjected Plaintiff to adverse employment actions were Caucasian, and Plaintiff was the only African-American.

40. Plaintiff contends that Defendant subjected him to these adverse employment actions because of his race and/or the actions were tainted by Plaintiff's race.

41. Defendant is liable for damages it caused Plaintiff.

VII. **Count II: Violation of Title VII of the Civil Rights Act of 1964 based on color**

42. Plaintiff incorporates by reference paragraphs 1-35 of his complaint as if fully set forth herein.

43. Plaintiff's color is black.

44. All management officials who allegedly subjected Plaintiff to adverse employment actions were Caucasian, and Plaintiff was the only African-American.

45. Plaintiff contends that Defendant subjected him to these adverse employment actions because of his race and/or the actions were tainted by Plaintiff's color

46. Defendant is liable for damages it caused Plaintiff.

VIII. **Count III: Violation of Title VII of the Civil Rights Act of 1964 based on gender**

47. Plaintiff incorporates by reference paragraphs 1-35 of his complaint as if fully set forth herein.

48. Plaintiff's sex is male.

49. Plaintiff contends that Defendant subjected him to these adverse employment actions because of his race and/or the actions were tainted by Plaintiff's sex

50. Defendant is liable for damages it caused Plaintiff.

### IX. Count IV: Violation of the Title VII of the Civil Rights Act of 1964: Hostile Work Environment

51. Plaintiff incorporates by reference paragraphs 1-35 of his complaint as if fully set forth herein.

52. This harassment had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile, or offensive work environment.

53. There is basis for imputing liability to the Defendant for the actions of Plaintiff's supervisors Chad Ryerson, Elizabeth Ridgeway, Donald Balius III, and Laura Kristen Hurley, and in creating the hostile work environment.

54. Defendant is liable for damages it caused Plaintiff.

### X. Count V: Violation of Title VII of the Civil Rights Act of 1964 based on reprisal.

55. Plaintiff incorporates by reference paragraphs 1-16 of her complaint as if fully set forth herein.

56. Plaintiff engaged in protected activity when he engaged in previous EEO activities.

57. The proposing official and deciding official knew of these protected activities against them.

58. The terminated Plaintiff explicitly for recordings which were protected oppositional activity.

59. Plaintiff contends that Defendant subjected him to these adverse employment actions because of his protected activity and/or the actions were tainted by Plaintiff's protected activity.

60. Defendant is liable for damages it caused Plaintiff.

## XI. Prayer for Relief

61. Wherefore, Plaintiff prays that this Court:

    a. declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

    b. enjoin the Agency from engaging in such conduct;

    c. award the Plaintiff actual damages;

    d. award Plaintiff compensatory damages;

    e. award Plaintiff costs and attorney's fees; and

    f. grant such other relief as it may deem just and proper.

## XII. Jury Demand

62. Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 11th day of January, 2023.

Respectfully submitted today,

**Cameron Nelson, Pro Se**

*/s/ Cameron S. Nelson*

5121 E. Yale Ave Apt 206

Denver, CO 80222