IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00100-NYW-SBP

CAMERON NELSON,

    Plaintiff,

v.

ALEJANDRO N. MAYORKAS, Secretary, Department of Homeland Security,

    Defendant.

---

**ORDER DENYING MOTION FOR RECUSAL (ECF NO. 59)**

---

Before the court is Plaintiff Cameron Nelson's Motion for Recusal filed on August 16, 2023 (the "Motion" or "Mot."). ECF No. 59.

Mr. Nelson filed this lawsuit on January 12, 2023, naming Alejandro N. Mayorkas, the Secretary for the United States Department of Homeland Security, as the sole Defendant. The case was initially assigned to Magistrate Judge Michael E. Hegarty. ECF No. 2. On June 23, 2023, Mr. Nelson filed the form entitled Consent/Non-Consent to the Exercise of Jurisdiction by a United States Magistrate Judge in Direct Assignment Cases (the "Consent Form"). ECF No. 27. Mr. Nelson did not consent to a magistrate judge presiding over his case on direct assignment. *Id.* The case was thereafter reassigned to District Judge Nina Y. Wang. ECF No. 28. On June 26, 2023, the Court issued an order referring the case to me and designating me to conduct all motion proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b). ECF No. 29.

Mr. Nelson filed his Motion on August 16, 2023. The Motion was referred to me by

Judge Wang for disposition on August 17, 2023. For the reasons stated below, the Motion is **DENIED**.

## LEGAL STANDARD

Mr. Nelson proceeds pro se. The court therefore liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid the mere appearance of partiality on the part of a judge. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). The Tenth Circuit has held that under Section 455(a) the court is not required to accept all factual allegations contained in a motion to disqualify as true. *See Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Rather, "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 939. This is an objective standard; the inquiry is limited to outward indications of supposed impropriety and any reasonable inferences that can be drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Recusal is not warranted if the request is based on "unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 839. Further, "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993.

In applying the objective test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question. *Id.* Section 455(a) is not to be construed so broadly that recusal would be mandated upon the merest unsubstantiated suggestion of

personal bias or prejudice. *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a reasonable fear that the judge will not be impartial. *See Cooley*, 1 F.3d at 993.

While a judge has an obligation to recuse herself from a case where her impartiality might reasonably be questioned, "[t]here is as much obligation for a judge not to recuse when there is no occasion to do so[.]" *Cooley*, 1 F.3d at 994. If "no reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality," the motion to recuse must be denied. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659-60 (10th Cir. 2002) (citation and internal quotation marks omitted). Indeed, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.* at 659 (citation and internal quotation marks omitted).

## ANALYSIS

Mr. Nelson seeks my recusal for two reasons. First, he asserts that "he did not consent to Magistrate Judge Susan Prose serving as the Magistrate Judge for this case." Mot. at 1. Second, he notes that I have "a background and career of representing the federal government as a previous United States Attorney for the District of Colorado," including in a seven-year-old case brought by a different plaintiff, against a different defendant, but asserting similar causes of action. *Id.* at 2. Mr. Nelson believes that these facts "create[] an appearance of a lack of impartiality and the potential for judicial retaliation." *Id.*

At the outset, the court notes that Mr. Nelson does not get to choose which magistrate judge is assigned to his matters. *See Cooley*, 1 F.3d at 993 (litigants are not given "veto power

3

over sitting judges"). In the instant case, after Mr. Nelson made clear that he wanted a District Judge assigned to the case (ECF No. 27), Judge Wang was assigned. (ECF No. 28). I am not offended that Mr. Nelson declined magistrate judge jurisdiction; it happens every day in this court. I do, however, decline to recuse myself simply because Mr. Nelson would prefer a different judge presiding over his case.

As for Mr. Nelson's second argument, my prior job title does not call into question my impartiality. Mr. Nelson asserts that I am biased simply because, years ago, I represented a government agency in defending claims that Mr. Nelson views as similar to those he brings against the Defendant in this matter. His Motion provides only unsubstantiated speculation of impartiality. The Tenth Circuit has held that a judge's prior position as a United States Attorney alone does not "cause a reasonable person to doubt his impartiality" in cases involving a United States government entity. *Diaz v. King*, 687 F. App'x 709, 713 (10th Cir. 2017).

I have no personal bias or prejudice concerning either party to this litigation. I have no personal knowledge of disputed evidentiary facts concerning the proceeding. I have no relationship with either party in this dispute, and "the mere familiarity [with] the kind of case . . . is insufficient to justify recusal." *Johnson v. Santini*, No. 13-cv-02664-REB-NYW, 2015 WL 2207195, at *2 (D. Colo. May 8, 2015).

Accordingly, I decline to recuse myself and instead will fulfil my "duty to sit when there is no legitimate reason to recuse." *Bryce*, 289 F.3d at 659.

## CONCLUSION

For the reasons set forth above, the Motion for Recusal, ECF No. 59, is **DENIED**.

DATED: August 18, 2023                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

5