IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 1:23-cv-00100-NYW-SBP

CAMERON NELSON,

    Plaintiff,

v.

ALEJANDRO N. MAYORKAS, Secretary, Department of Homeland Security,

    Defendant.

## ORDER

This matter is before the Court on the Motion for Reconsideration in Favor of the Recusal of Magistrate Judge Susan Prose (the "Motion for Reconsideration" or "Motion"), [Doc. 64], filed by pro se Plaintiff Cameron Nelson ("Plaintiff" or "Mr. Nelson") on August 20, 2023.  Defendant Alejandro N. Mayorkas ("Defendant") has filed a response in opposition to the Motion.  [Doc. 66].

After careful consideration of the pertinent law and pleadings, the Motion—which the Court construes as an Objection to Magistrate Judge Susan B. Prose's Order Denying Motion for Recusal (the "Recusal Order" or "Order"), [Doc. 63, filed August 18, 2023], pursuant to Rule 72 of the Federal Rules of Civil Procedure—is respectfully **DENIED**.

## BACKGROUND

Mr. Nelson, a former federal employee, brings claims against Defendant, as Secretary for the United States Department of Homeland Security, for discrimination, hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and

a violation of the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (1989). *See generally* [Doc. 1].

The case was initially assigned to Magistrate Judge Michael E. Hegarty. [Doc. 2]. After Plaintiff indicated that he did not consent to a magistrate judge presiding over his case on direct assignment, *see* [Doc. 27], the action was randomly reassigned to this Court, *see* [Doc. 28 ("[C]ase randomly reassigned to Judge Nina Y. Wang and drawn to Magistrate Judge Susan Prose.")]. Thereafter, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, this Court referred the case to Judge Prose, the magistrate judge who was randomly drawn to the case,[1] and designated her to conduct all motion proceedings. [Doc. 29].

Plaintiff subsequently moved to disqualify Judge Prose on two grounds. *See* [Doc. 59]. First, Plaintiff asserted that because he declined to consent to Judge Prose's exercise of jurisdiction over his case, he feared "judicial retaliation" and a "lack of impartiality," or the appearance thereof. [*Id.* at 1]. Second, Mr. Nelson claimed that Judge Prose's previous employment at the United States Attorney's Office—and, in particular, her representation of a government agency in defending employment discrimination claims that Plaintiff believed to be similar to his— "create[d] the appearance of judicial bias, partiality and impropriety." [*Id.* at 2].

Judge Prose denied the motion. [Doc. 63]. As to Plaintiff's first argument for recusal, Judge Prose explained that she was "not offended that Mr. Nelson declined magistrate judge

---

[1] Plaintiff questions whether Magistrate Judge Prose was indeed randomly drawn to his case, as opposed to "intentionally assigned," and requests that the case be "actually randomly assigned to another Magistrate Judge." [Doc. 64 at 2]. Although Plaintiff is correct that this Court "intentionally" referred the case to Magistrate Judge Prose pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(a) and (b), such referral only occurred after Judge Prose was "*randomly . . . drawn*" to the case. [Doc. 28 (emphasis added)]; *see also* [Doc. 29].

2

jurisdiction; it happens every day in this court." [*Id.* at 4]. But, Judge Prose observed, Plaintiff "does not get to choose which magistrate judge is assigned to his matters," and she declined to disqualify herself "simply because Mr. Nelson would prefer a different judge presiding over his case." [*Id.* at 3–4]. Turning to Plaintiff's second ground for Judge Prose's disqualification, Judge Prose stated that her work at the United States Attorney's office could not, without more, reasonably call into question her impartiality, even in cases against a federal agency. [*Id.* at 4]. Mr. Nelson's attempt to connect Judge Prose's representation of a government agency "in a seven-year-old case brought by a different plaintiff, against a different defendant, but asserting similar causes of action," Judge Prose found, amounted to nothing more than "unsubstantiated speculation of impartiality." [*Id.* at 3–4]. "[M]ere familiarity [with] the kind of case," Judge Prose observed, "is insufficient to justify recusal." [*Id.* at 4].

Plaintiff now challenges Judge Prose's decision not to recuse herself. [Doc. 64].

## DISCUSSION

### A.

At the outset, the Court observes that Plaintiff's Motion, although styled as a Motion for Reconsideration, is better understood as an objection to Magistrate Judge Prose's Recusal Order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a Magistrate Judge's order on a non-dispositive pretrial matter] within 14 days after being served with a copy."). Unlike with a motion for reconsideration, which would normally be handled by the judge who issued the challenged order, Plaintiff has directed his request for review at this Court specifically. *See* [Doc. 64 at 3–4 ("Plaintiff appeals directly to Judge Wang to intervene in this matter.")]; *see also Ballard v. GEO Grp., Inc.*, No. 10-886

3

JH/LFG, 2013 WL 12149189, at *5 n.2 (D.N.M. June 11, 2013) ("Typically, [a] Magistrate Judge would analyze and decide a motion to reconsider its own decision."). Thus, the Court will construe the Motion as a timely Objection to Judge Prose's Order.

When considering a timely objection to a ruling by a magistrate judge that is not dispositive of any claim or defense—as with the Recusal Order at issue here—a district court must defer to the magistrate judge's ruling unless "clearly erroneous or contrary to law."[2] *See Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997)); *see also* Fed. R. Civ. P. 72(a) (when reviewing a magistrate judge's ruling on a non-dispositive matter, district judge must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). In other words, this Court can only set aside a magistrate judge's ruling on a non-dispositive matter if the Court finds that the challenged order is (1) "clearly erroneous," meaning that after reviewing all the evidence, the district court "is left with the definite and firm conviction that a mistake has been committed; or (2) "contrary to law," which means that the magistrate judge "applied the wrong legal standard or

---

[2] This Court's characterization of Plaintiff's Motion as an Objection, as opposed to a Motion for Reconsideration, does not materially alter the standard by which the Court reviews Magistrate Judge Prose's Order. "As a general principle, courts may grant motions for reconsideration where there is '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Armata v. Certain Underwriters at Lloyd's London – Syndicate 1861*, No. 21-CV-00160-NYW-STV, 2023 WL 5310175, *3 (D. Colo. Aug. 15, 2023) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Plaintiff has not cited any intervening change of law or presented any new evidence, and instead points this Court towards perceived errors in Judge Prose's recitation of the law and analysis of the facts.

applied the appropriate legal standard incorrectly." *Residences at Olde Town Square Ass'n v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citations omitted).

Additionally, because Plaintiff is proceeding pro se, the Court liberally construes his pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). At the same time, however, the Court may not act as Plaintiff's advocate. *Id.*

**B.**

In his Motion, Mr. Nelson takes issue with Judge Prose's invocation and application of precedent and renews his argument that her prior employment at the United States Attorney's Office raises concerns of actual or apparent bias requiring Judge Prose's disqualification. *See generally* [Doc. 64]. Plaintiff's arguments notwithstanding, this Court sees no grounds to set aside Judge Prose's Order, which the Court finds is neither clearly erroneous nor contrary to law.

Contrary to Plaintiff's assertions, Judge Prose accurately recited the law governing motions for disqualification made pursuant to 28 U.S.C. § 455(a). As Judge Prose explained, § 455(a) only requires recusal when a judge's "impartiality might reasonably be questioned." Indeed, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Hinman v. Rodgers*, 831 F.2d 937, 939 (10th Cir. 1987));[3] *see also United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020).

---

[3] Plaintiff attempts to distinguish *Hinman*, arguing that the Tenth Circuit's ruling was limited to the untimeliness of the recusal motions in question, whereas here, Judge Prose rejected Plaintiff's arguments for disqualification on their merits. *See* [Doc. 64 at 2]. This misses the mark. Judge Prose cited *Hinman* only for the general standard governing all recusal motions made pursuant to § 455(a). Plaintiff does not argue that the *Hinman* court misstated this standard or provide any

5

When deciding whether disqualification is necessary, a judge must consider "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman*, 831 F.2d at 939; *see also Mobley*, 971 F.3d at 1205.  In applying this objective test, "the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).  The judge is not required take all the movant's factual allegations as true, and "should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939.  And, as the Tenth Circuit has emphasized, § 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).[4]  The statute should not be "read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a 'reasonable fear' that the judge will not be impartial." *Cooley*, 1 F.3d at 993 (quoting H. Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974)).

With this standard in mind, the Court turns to Mr. Nelson's renewed argument that Judge Prose was required to recuse herself pursuant to § 455(a) because she had previously worked at the United States Attorney's Office and represented a government entity in an employment dispute

---

authority supporting the use of a different standard.  And, even if this weren't the case, the *Hinman* court did not rely solely on the recusal motions' untimeliness in affirming the district court's decision not to recuse:  After finding that the motions in question were untimely pursuant to 28 U.S.C. § 144, the Tenth Circuit explained that it was required to "also consider [the movant's] claims of bias and prejudice under 28 U.S.C. § 455, which is considerably broader in scope, while lacking in procedural hurdles." *Hinman*, 831 F.3d at 939.

[4] Mr. Nelson also takes issue with Judge Prose's citation to *Franks*, again arguing that the case is factually distinct from his.  But, as with *Hinman*, Judge Prose merely relied on *Franks* in setting out the correct standard for determining whether disqualification is required under § 455(a), and Plaintiff has not cited any authority for a different standard.

6

that Plaintiff considers to be similar to his.  *See* [Doc. 64 at 3]; *see also* [Doc. 59 at 2 (citing *ElHelbawy v. Pritzker*, 663 F. App'x 658 (10th Cir. 2016) (employment dispute in which Judge Prose, while employed at the United States Attorney's Office, represented the defendant government agency))].  As Judge Prose observed, however, "a judge's prior position as a United States Attorney alone does not 'cause a reasonable person to doubt his impartiality' in cases involving a United States government entity."  [Doc. 63 (quoting *Diaz v. King*, 687 F. App'x 709, 713 (10th Cir. 2017))]; *cf.* 28 U.S.C. § 455(b)(3) (indicating that when a movant seeks recusal based on a judge's prior government service, the judge generally need only recuse from cases "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning *the proceeding* or expressed an opinion concerning the merits of *the particular case in controversy*" (emphasis added)); *Liteky v. United States*, 510 U.S. 540, 553 & n.2 (1994) ("[I]t is unreasonable to interpret § 455(a) (unless the language *requires* it) as implicitly eliminating a limitation explicitly set forth in § 455(b)."); *Baker & Hostetler LLP v. U.S. Dept. of Commerce*, 471 F.3d 1355, 1357–58 (D.C. Cir. 2006) (reasoning that, notwithstanding § 455(a)'s "general 'catch-all' provision," by enacting § 455(b)(3), in which "Congress clearly and specifically addressed the effect of prior government service on a judge's recusal obligations[,] . . . Congress chose to draw the recusal line for prior government employment at participation in the proceeding or expression of an opinion concerning the merits of the particular case in controversy"); *Western Watersheds Project v. Interior Bd. of Land Appeals*, 434 F. Supp. 3d 1257, 1265–66 (D. Utah 2020) (suggesting that when a judge's prior government employment is raised as the grounds for disqualification, recusal under § 455(a)'s "more general provisions" is improper where recusal is not warranted under § 455(b)(3), the "more

7

specific" provision governing former government employees); *Biers v. Dentons US LLP*, No. 22-cv-00298-HCN-JCB, 2022 WL 2341744, at *3–4 (D. Utah June 29, 2022) (explaining that, even though the plaintiff had not cited § 455(b)(3), the argument that the district judge's "prior governmental employment as an attorney with [a government agency] require[d] disqualification" was governed by § 455(b)(3)).

This Court agrees that Plaintiff has not explained, beyond "unsubstantiated speculation of impartiality," [*id.*], why Judge Prose's work on a prior case, brought by a different plaintiff against a different federal agency, would cause "a reasonable person, knowing all the relevant facts, [to] harbor doubts about [Judge Prose's] impartiality," *see Hinman*, 831 F.2d at 939.[5]  "To the extent Mr. [Nelson's] accusations are based on [Judge Prose's] rulings against him," *see* [Doc. 64 at 3 ("Plaintiff has so far been threatened due to an inadvertent misfiling, accused of being 'irrational' . . ., and [had] every appeal for a motion to clarify his pleadings . . . denied")], "this is not enough to warrant recusal," *Diaz*, 687 F. App'x at 713.  As Judge Prose stated, she "ha[s] no personal bias or prejudice concerning either party to this litigation," has "no personal knowledge of disputed evidentiary facts concerning the proceeding," and has "no relationship with either party in this dispute." [Doc. 63 at 4].

---

[5] Plaintiff also challenges Judge Prose's invocation of *Diaz*, a case that he argues "does not relate to the current matter."  [Doc. 64 at 3].  In Plaintiff's view, the citation to *Diaz* "suggests an extremely hostile and predisposed view against [him]." [*Id.*]  Although the Court agrees that the facts of *Diaz* are not identical to those presented here, the case is still instructive.  In *Diaz*, the Tenth Circuit explained that, without more, a district court judge's former employment as a United States Attorney for the District of New Mexico did not require recusal from a case involving another government agency, albeit a state government entity (although the United States Attorney's Office was also a defendant).  And, in the same way that an unfavorable ruling cannot alone warrant recusal, *see Cooley*, 1 F.3d at 993–94, a citation to adverse precedent does not, without more, indicate bias requiring disqualification.

8

In addition, this Court notes that both the statute authorizing magistrate judge jurisdiction, 28 U.S.C. § 636, and Rule 72 of the Federal Rules of Civil Procedure, contemplate that Plaintiff may object to any ruling or recommendation by Judge Prose, and this Court will review any objection so long as it is timely made and is made with reasonable particularity. *See Kansas v. Rambo*, 743 F. App'x 246, 248 (10th Cir. 2018) (discussing the requirement for objections to magistrate judge recommendation be within the 14-day window and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute).

Because Judge Prose's decision not to recuse herself was not clearly erroneous or contrary to law, this Court respectfully **DENIES** Plaintiff's Motion for Reconsideration, which is construed as an Objection to Magistrate Judge Prose's Order.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1)   The Motion for Reconsideration in Favor of the Recusal of Magistrate Judge Susan Prose, [Doc. 64], is **DENIED**.

DATED: October 2, 2023

BY THE COURT:

Nina Y. Wang
United States District Judge

9